UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20898-CR-COOKE

UNITED STATES OF AMERICA

v.

EDWARD J. DIMARIA,

Defendant.

_____/

## EDWARD DIMARIA'S OPPOSITION TO THE GOVERNMENT'S NOTICE OF PENDING AND RELATED OR SIMILAR ACTION

Defendant Edward J. DiMaria opposes the transfer of this case for the reasons set forth below:

1. On December 19, 2017, an Indictment was returned against Defendant Edward J. DiMaria, the sole defendant in the above-captioned case. DE 1.

2. That same day, the government filed a Notice of Pending and Related or Similar Action. DE 3. The government requests that this case be transferred from Judge Marcia G. Cooke to Chief Judge K. Michael Moore. Id.

3. The government states that Hyunjin Lerner was an alleged co-conspirator of Mr. DiMaria, and that Mr. Lerner was charged by separate indictment in Case No. 17-cr-20235-Moore/Simonton. Id. ¶ 3.

4. Mr. Lerner was arraigned on an indictment March 29, 2017, before Magistrate Judge John J. O'Sullivan. Case No. 17-cr-20235-Moore/Simonton, DE 6 (hereinafter "Lerner DE __"). He entered a guilty plea to a superseding information before Magistrate Judge Andrea M. Simonton on October 12, 2017 (see Lerner DE 43, 45). The docket reflects that Mr. Lerner's sentencing hearing

        is currently scheduled for January 11, 2018, before Chief Judge Moore (see unnumbered DE following Lerner DE 45).

5.    The government submits that Chief Judge Moore's presiding over both matters would be "[i]n the interests of judicial economy." DE 3 ¶ 5. The only purported reason provided by the government is that "both matters involv[e] charges arising from the same complex conspiracy." Id.

6.    However, the docket in Case No. 17-cr-20235-Moore/Simonton indicates that Chief Judge Moore's involvement in that case has been both very limited and non-substantive: entering two paperless orders of referral to Magistrate Judge Simonton (Lerner DE 11 & 40), entering a paperless order (Lerner DE 16) granting a *pro hac vice* motion, entering two paperless orders (Lerner DE 18 & 32) granting unopposed motions to continue trial, and entering a paperless order (Lerner DE 50) adopting Magistrate Judge Simonton's Report and Recommendation on Mr. Lerner's change of plea. The parties have not yet appeared before Chief Judge Moore, either telephonically or in person.[1]

7.    Mr. Lerner is the sole defendant in the case pending before Chief Judge Moore. Because he has pled guilty, there is no possibility of a joint trial with Mr. DiMaria.

8.    Mr. DiMaria submits, therefore, that the disposition of the instant case by Judge Cooke would not "entail the unnecessary duplication of judicial labor." Southern District of Florida Internal Operating Procedure ("IOP") 2.15.00 (allowing for reassignment of a later-filed case to the Judge presiding over an earlier-filed case

---

[1] For completeness, we note that Judge Middlebrooks had substantive involvement in a shareholder class action containing allegations similar to those at issue in the government's criminal indictment, including approving the class action settlement. Jahm v. Bankrate, Inc., et al., 9:14-cv-81323 (S.D. Fla.), DE 38, 163.

where separate proceedings "would appear to entail the unnecessary duplication of judicial labor").

9. Indeed, IOP 2.01.01 requires that "all civil and criminal cases . . . shall be assigned on a blind random basis." As that IOP makes clear, the purpose of assigning cases on a "blind random basis" is to "prevent any litigant from choosing the Judge to whom an action or proceeding is to be assigned." IOP 2.01.01(c).

10. Contrary to the government's request and consistent with IOP 2.01.01, the longstanding practice in this district is to randomly assign cases involving alleged co-conspirators charged in separate indictments, even where those conspiracies were allegedly complex. See, e.g., United States v. Taher, 17-cr-60223 and United States v. Pujols, 17-cr-20702 (two sets of defendants indicted five days apart in a multimillion dollar money laundering and fraud scheme before two different judges (Judges Ungaro and Martinez)); United States v. McKelvey, 16-cr-20546, United States v. Sanders, 16-cr-20572, United States v. Rose, 16-cr-20706, United States v. Lubin, 17-cr-20508; United States v. Gushlak, 17-cr-20713, United States v. Schneider, 17-cr-20712, and United States v. Ahearn, 17-cr-20883 (seven cases against twelve co-conspirators in a complex fraud case involving nine shell companies assigned to six different judges (Judges Scola, Altonaga, Martinez, Cooke, Moreno, and Williams)); United States v. Hernandez, 17-cr-20807, United States v. Ramirez, 15-cr-20575, and United States v. Garcia, 16-cr-20483 (three cases involving multiple alleged co-conspirators in a health care fraud brought before two different judges (Judges

Moreno and Altonaga)); United States v. Hernandez, 16-cr-20091, and United States v. Tilbert, 16-cr-20115 (two cases involving co-conspirators in an alleged illegal immigration scheme brought before two different judges (Judges Williams and Seitz)). In addition, in a recent case, Chief Judge Moore denied the defendant's unopposed motion to transfer a criminal case to Judge Bloom, even though Judge Bloom had presided over the jury trial of Vilches's alleged co-conspirator and Vilches's coconspirator had not yet been sentenced. See United States v. Vilches, 16-cr-20466-Moore (DE 9); United States v. Elbeblawy, 15-cr-20820-Bloom.

11. There is no reason to divert from this standard practice, and the government has not provided any. For these reasons, Mr. DiMaria respectfully requests that the Court deny the government's request to transfer this action.

Date: December 20, 2017

Respectfully Submitted,

Kobre & Kim LLP
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: (305) 967-6100

s/Robert T. Watson
Robert T. Watson
Florida Bar No. 679429
robert.watson@kobrekim.com

*Co-Counsel for Defendant Edward J. DiMaria*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Opposition to Government's Notice of Pending and Related or Similar Action was served via CM/ECF on December 20, 2017, on all counsel of record on the service list.

s/Robert T. Watson
Robert T. Watson
