UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20898-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

v.

EDWARD J. DIMARIA,

Defendant.

_____/

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the Department of Justice and the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "United States" or the "Government"), and Edward DiMaria, (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to two counts as charged in the Superseding Information, and as also set forth in paragraphs 2 and 3, below.

2. Count 1 of the Superseding Information charges that the Defendant, in violation of Title 18, United States Code, Section 371, did willfully, that is with the intent to further the objects of the conspiracy, and knowingly combine, conspire, and agree with other individuals known and unknown to commit certain offenses against the United States, namely:

   a. false statements to auditors, that is to knowingly and willfully, directly and indirectly (a) make and cause to be made materially false and misleading statements to Bankrate's auditors, and omit to state, and cause another person to omit to state, any material fact to Bankrate's auditors necessary in order to make statements made, in light of the circumstances under which such statements were

1

made, not misleading, in connection with Bankrate's auditors' reviews and audits of Bankrate's financial statements and preparation of Bankrate's quarterly and annual reports required to be filed with the United States Securities and Exchange Commission ("SEC"); and (b) take action to coerce, manipulate, mislead, and fraudulently influence Bankrate's auditors knowing that such action, if successful, could result in rendering Bankrate's financial statements materially misleading, while Bankrate's auditors were engaged in performing reviews and audits of Bankrate's financial statements and preparation of Bankrate's quarterly and annual reports required to be filed with the SEC, in violation of Title 15, United States Code, Section 78ff, and Title 17, Code of Federal Regulation, Sections 240.13b2-2(a) and 240.13b2-2(b);

b. false books and records, that is to knowingly and willfully falsify, and cause to be falsified, books, records, and accounts required to, in reasonable detail, accurately and fairly reflect the transactions and dispositions of Bankrate, in violation of Title 15, United States Code, Sections 78m(b)(2) and 78m(b)(5), and 78ff; and,

c. securities fraud, that is to knowingly and willfully execute a scheme and artifice (a) to defraud any person in connection with any security of Bankrate, an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78l), and (b) to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by statements containing material omissions, any money and property in connection with the purchase and sale of any security of Bankrate, an issuer with a class of securities registered

2

under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78l), in violation of Title 18, United States Code, Section 1348.

3. Count 2 of the Superseding Information charges that on or about May 14, 2012 the Defendant did knowingly and willfully cause Bankrate to file financial statements with the United States Securities and Exchange Commission for the quarter ending March 31, 2012 that materially misrepresented Bankrate's financial condition and performance, in violation of Title 18, United States Code, Section 1001.

4. The United States agrees to seek dismissal of the Superseding Indictment and the underlying Indictment after sentencing. The Defendant acknowledges that he has read the charges against him contained in the Superseding Information and that the charges have been fully explained to him by his attorney.

5. The Defendant is aware that the sentence will be imposed by the Court. The Defendant understands and agrees that federal sentencing law requires the Court to impose a sentence that is reasonable and that the Court must consider the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines") in determining that reasonable sentence. The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the United States Probation Office ("Probation"), which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that while the Court is required to consider the advisory guidelines range determined

under the Sentencing Guidelines, it is not bound to impose that sentence. The Defendant understands that the facts that determine the offense level will be found by the Court at the time of sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as the provisions or stipulations in this agreement. The United States and the Defendant agree to recommend that the Sentencing Guidelines should apply pursuant to United States v. Booker. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraphs 2 and 3, and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

6. The Defendant also understands and acknowledges that as to Count 1 and Count 2 of the Superseding Information, the Court may impose a statutory maximum term of imprisonment of up to ten (10) years. In addition to any period of imprisonment, the Court may also impose a period of supervised release of up to three (3) years to commence at the conclusion of the period of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000 for each offense, or twice the pecuniary gain or loss resulting from the offenses pursuant to 18 U.S.C. § 3571(b)(3) and (d).

7. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, a special assessment in the total amount of $200.00 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

8. As to the offenses described in paragraphs 2 and 3, the Defendant knowingly and voluntarily agrees to waive any claim or defense based on the expiration of the statute of limitations governing those offenses.

9. The United States reserves the right to inform the Court and Probation of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quantity of punishment.

10. The Defendant admits and acknowledges that the United States could prove the following facts at trial beyond a reasonable doubt:

   a. That the Defendant's commission of the offenses described in paragraphs 2 and 3 resulted in a loss of at least $25,000,000;

   b. That the Defendant's commission of the offenses described in paragraphs 2 and 3 caused a loss to 10 or more victims;

   c. That the Defendant's commission of the offenses described in paragraphs 2 and 3 involved sophisticated means;

   d. That at the time the Defendant committed the offenses described in paragraphs 2 and 3 the Defendant was an officer or a director of a publicly traded company; and,

   e. That the Defendant was as an organizer or leader of the offenses described in paragraphs 2 and 3, and that the criminal activity involved five or more participants and/or was otherwise extensive.

11. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant recognizes that any estimate of the probable advisory sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the Government, or Probation is a prediction, not a promise, and is not binding on the Government, Probation, or the Court. The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 5 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both the Defendant and the Government.

12. The United States and the Defendant agree that, although not binding on Probation or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

   a. Base Offense Level: That the base offense level is six (6), pursuant to Section 2B1.1(a)(2) of the Sentencing Guidelines.

   b. Loss: That the Defendant's offense level shall be increased by twenty-two (22) levels pursuant to Section 2B1.1(b)(1)(L) of the Sentencing Guidelines because the actual or intended loss was between $25,000,000 and $65,000,000.

   c. Number of Victims: That the Defendant's offense level shall be increased by two (2) levels pursuant to Section 2B1.1(b)(2)(A)(i) of the Sentencing Guidelines because the offense involved ten (10) or more victims.

d. <u>Sophisticated Means</u>: That the Defendant's offense level shall be increased by two (2) levels pursuant to Section 2B1.1(b)(10)(C) of the Sentencing Guidelines because the offense involved sophisticated means and the Defendant intentionally engaged in or caused the conduct constituting sophisticated means.

e. <u>Officer or Director of a Publicly Traded Company</u>: That the Defendant's offense level shall be increased by four (4) levels pursuant to Section 2B1.1(b)(19)(A)(i) of the Sentencing Guidelines because the offense involved a violation of securities law and, at the time of the offense, the Defendant was an officer of a publicly traded company.

f. <u>Organizer or Leader</u>: That the Defendant's offense level shall be increased by four (4) levels pursuant to Section 3B1.1(a) of the Sentencing Guidelines because the Defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive.

TOTAL OFFENSE LEVEL - UNADJUSTED: <u>40</u>

g. <u>Acceptance of Responsibility</u>: That the Defendant's offense level shall be decreased by three (3) levels pursuant to Sections 3E1.1(a) and (b) because the Defendant has clearly demonstrated acceptance of responsibility for his offense and assisted authorities in the prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty.

TOTAL OFFENSE LEVEL - ADJUSTED: <u>37</u>

Although not binding on Probation or the Court, the United States and the Defendant both agree to jointly recommend application of the above guidelines. The United States and the Defendant further agree that, except as otherwise expressly contemplated in this agreement, they will jointly

7

recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory Sentencing Guidelines range in this case. However, this agreement does not prohibit the Defendant from arguing for a variance under Title 18, United States Code, Section 3553(a), and the United States may oppose such an argument.

13. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offenses, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If, at the time of sentencing, the Defendant's offense level is determined to be 16 or greater, the Government will move for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines.

14. The Defendant and the United States agree that the Defendant's forfeiture obligation has been satisfied in full by the Defendant's payment of $231,158.56 paid to the Securities and Exchange Commission.

15. The Defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendant's ability to pay, and that pursuant to Title 18, United States Code, Section 3663A, the parties agree that the Defendant shall pay restitution to the United States in the amount of $21,234,214.00. The parties further agree that nothing in this agreement prohibits the Defendant from making arguments or presenting information regarding the manner in which, and the schedule according to which, the restitution is to be paid under Title 18, United States Code, Section 3664.

16. The Defendant is aware that Title 18, United States Code, Section 3742, affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant

hereby waives his right to appeal any sentence imposed, including any restitution or community service order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or variance from the advisory guideline range that the Court establishes at sentencing. Subject to the preceding provision, this appeal waiver includes a waiver of the right to appeal the sentence on the ground that under the advisory sentencing guidelines range determined by the Court, the sentence imposed in this case is not a reasonable sentence. The Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the Defendant's sentence, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal was knowing and voluntary.

17. For purposes of criminal prosecution, this agreement shall be binding and enforceable upon the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Southern District of Florida. The United States does not release the Defendant from any claims under Title 26, United States Code. Further, this agreement in no way limits, binds, or otherwise affects the rights, powers or duties of any state or local law enforcement agency or any administrative or regulatory authority.

18. The Defendant agrees that if he fails to enter a guilty plea pursuant to this agreement, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in paragraphs 2 and 3 above), the Government will have the right to characterize such

9

conduct as a breach of this agreement. In the event of such a breach, the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the Government will be free to use against the Defendant, directly and indirectly, in any criminal proceeding any of the information, statements, and materials provided by him pursuant to this agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

19. The accompanying Agreed Factual Basis for Guilty Plea signed by the Defendant is hereby incorporated into this plea agreement.

20. This is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations or understandings.

SANDRA MOSER, ACTING CHIEF
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 6/28/18

By: _____
HENRY VAN DYCK
ASSISTANT CHIEF
EMILY SCRUGGS
JASON COVERT
TRIAL ATTORNEYS
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

Date: 6/24/18

_____
EDWARD DIMARIA
DEFENDANT

10

Date: 6/28/18

BARRY BERKE
PAUL SCHOEMAN
COUNSEL FOR DEFENDANT