**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-20898-CR-MOORE/SIMONTON**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**EDWARD J. DIMARIA,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant EDWARD J. DIMARIA.  Based upon the change of plea hearing conducted on June 28, 2018, this Court makes the following findings, and recommends that the guilty plea be accepted, and that the Defendant be adjudicated guilty of the offenses to which he has pled guilty.

    1.  On June 28, 2018, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter.  At the outset of the hearing, this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case.  Further, this Court advised the Defendant that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the government attorney assigned to this case.  This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

    2.  This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request

that the change of plea hearing be conducted by a United States District Judge. The Defendant, the Defendant's attorney and the government attorney all consented on the record to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and the Defendant acknowledged that he understood each term of the plea agreement and that he had signed the plea agreement. This Court also made certain that the Defendant was aware of the maximum sentence which could be imposed in this case pursuant to that plea agreement and the applicable statutes, including forfeiture and restitution.

5. The Defendant pled guilty to both counts contained in the Superseding Information. Count One charges him with conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371. The offenses which are the objects of the conspiracy are making false statements to a public company's accountants, in violation of 15 U.S.C. § 78ff and 17 C.F.R. §§ 240.13b2-2; falsifying corporate books and records, in violation of 15 U.S.C. §§ 78m(b)(2), 78m(b)(5), and 78 ff; and securities fraud, in violation of 18 U.S.C. § 1348. Count Two charges him with knowingly and willfully causing Bankrate to file financial statements with the United States Securities and Exchange Commission that materially misrepresented Bankrate's financial condition and performance, in violation of 18 U.S.C. § 1001. The Government has agreed to dismiss the original and superseding Indictments against this Defendant after sentencing.

6. To set forth the factual basis for the entry of the plea, the Defendant and the Government submitted a written Factual Proffer. The Government orally summarized the written factual proffer and orally stated in Court certain supplemental facts regarding how

the agreed amount of the loss was calculated. The Factual Proffer and oral supplement established all of the essential elements of the crime to which the Defendant is pleading guilty, as well as the factual basis to support the amount of the loss specified in the plea agreement with respect to certain agreed recommendations concerning the computation of the offense level under the Sentencing Guidelines. The Defendant acknowledged that the statement of facts contained in the written proffer and the oral supplement accurately stated the evidence that the government could prove beyond a reasonable doubt at trial, that he had no additions or corrections to make to the proffer, that he had signed the written factual proffer, and that he was pleading guilty because he was guilty. The Court advised the Defendant that as to each Count of the Superseding Information there is a statutory maximum potential sentence of five years that could be imposed consecutively for a total sentence of ten years; followed by a term of supervised release of up to three years; a fine of up to the greater of $250,000.00 or twice the gross gain or loss resulting from the offense; forfeiture, restitution, and a mandatory special assessment of $100. The Defendant acknowledged that he understood the possible maximum penalties which could be imposed in his case.

7. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. In addition, the undersigned specifically finds that the Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary. Therefore, this Court recommends that the Defendant be found to have freely and voluntarily entered his guilty plea to the Superseding Information filed in this case, as more particularly

described herein, and that the Defendant be adjudicated guilty of that offense.

8.  A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing date is September 11, 2018, at 2:00 p.m. in Miami, Florida. The Defendant remains on bond pending sentencing.

Therefore, it is hereby

**RECOMMENDED** that Defendant EDWARD J. DIMARIA's plea of guilty be accepted, that the Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned. Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Miami, Florida, on June 28, 2018.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
Hon. K. Michael Moore, Chief U.S. District Judge
All Counsel of Record
U. S. Probation Office
U. S. Marshal